IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ROBERTO CABRERA,

                          Petitioner,

          v.                                    CASE NO. 07-3164-RDR

UNITED STATES OF AMERICA,

                          Respondent.


## O R D E R

This matter is before the court on a petition for a writ of
mandamus, 28 U.S.C. § 1361, filed by a prisoner while incarcerated
in the United States Penitentiary in Leavenworth, Kansas.
Petitioner alleges error in the computation of his sentence by the
Bureau of Prisons (BOP), and claims he was not given full credit
under 18 U.S.C. § 3585(b) for time spent in official detention prior
to his sentencing.

Under 28 U.S.C. § 1361, a United States District court has
original jurisdiction of any action in the nature of mandamus to
compel "an officer or employee of the United States or any agency
thereof to perform a duty owed to the plaintiff."  The duty of the
officer involved "must be ministerial, well defined, and peremptory
to the end that the duty must be a positive command and so plainly
prescribed as to be free from doubt. Paniagua v. Moseley, 451 F.2d
228 (10th Cir. 1971).  The "remedy of mandamus is a drastic one, to
be invoked only in extraordinary situations." Allied Chemical Corp.
v. Daiflon, Inc., 449 U.S. 33, 34 (1980).  To qualify for mandamus
relief, a petitioner must establish: (1) a clear right to the relief

sought; (2) a plainly defined and peremptory duty on the part of the respondent to do the action in question; and (3) that no other adequate remedy is available.  Johnson v. Rogers, 917 F.2d 1283, 1285 (10th Cir. 1990).  The petitioner also must show that his right to the writ is "clear and indisputable."  Id.

In the present case, petitioner's allegations of error and abuse of discretion in BOP's computation of the date his sentence do not entitle him to such extraordinary relief.

Petitioner acknowledges he sought and obtained partial credit for his pre-sentence confinement, and makes no clear and indisputable showing that he is entitled to the remaining sentencing credit not awarded by the BOP.  As there is no plainly defined and peremptory duty by the BOP to grant him the relief being sought, and because 28 U.S.C. § 2241 remains available to challenge the execution of his sentence,[1] the court denies the petition.

Petitioner is advised that this dismissal counts as a "strike" under the three strikes provision, 28 U.S.C. § 1915(g).  *See* Green v. Nottingham, 90 F.3d 415, 418 (10th Cir. 1996).

IT IS THEREFORE ORDERED that the petition for a writ of mandamus is denied.

DATED:  This 2nd day of February 2009, at Topeka, Kansas.

s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge

---

[1]To seek relief under 28 U.S.C. § 2241, petitioner must file a petition in the district where he is currently confined, after first exhausting available administrative remedies within the Bureau of Prisons.

2